

FILED
CLERK, U.S. DISTRICT COURT

MAY - 3 2012

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

NOTE CHANGES MADE BY THE COURT.

\_\_\_\_ Priority
\_\_\_\_ Send
\_\_\_\_ Clsd
\_\_\_\_ Enter
\_\_\_\_ JS-5/JS-6
\_\_\_\_ JS-2/JS-3

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SENNHEISER ELECTRONIC CORPORATION, d/b/a SENNHEISER USA, a Delaware Corporation, and SENNHEISER ELECTRONIC GMBH & CO. KG, a German Limited Liability Company | Case No.: CV11-07874 GHK (MRWx) |
| | ~~[PROPOSED]~~ ORDER RE STIPULATION TO SET ASIDE ENTRY OF DEFAULT AND FOR PERMANENT INJUNCTION AGAINST DEFENDANT CHAOYING ZHANG |
| Plaintiffs, | |
| v. | [File concurrently with Stipulation to Set Aside Entry of Default and for Permanent Injunction Against Defendant Chaoying Zhang] |
| CHAOYING ZHANG, an Individual, and Does 1-10, Inclusive, | |
| Defendants. | |

[PROPOSED] ORDER RE STIPULATION TO SET ASIDE ENTRY OF DEFAULT AND FOR
- 1 -
PERMANENT INJUNCTION AGAINST DEFENDANT

1    The Court, pursuant to the Stipulation To Set Aside Entry of Default and for
2    Permanent Injunction Against Defendant Chaoying Zhang ("Stipulation"), between
3    Plaintiffs SENNHEISER ELECTRONIC CORPORATION d/b/a SENNHEISER
4    USA and SENNHEISER ELECTRONIC GMBH & CO.KG ("Plaintiffs"), on the
5    one hand, and Defendant CHAOYING ZHANG ("Defendant"), on the other hand,
6    hereby ORDERS, ADJUDICATES and DECREES as follows:

7    1.    The Default entered by the Clerk against Defendant on February 22,
8    2012, is hereby SET ASIDE;

9    2.    **PERMANENT INJUNCTION.** Defendant and any person or entity
10   acting in ~~actual~~ concert with, or at the direction of him, including any and all agents,
11   servants, employees, partners, assignees, distributors, suppliers, resellers and any
12   others over which he may exercise control *who shall receive actual notice of this injunction by service*, are hereby restrained and enjoined, *or otherwise*
13   pursuant to 15 *U.S.C.* §1116, from engaging in, directly or indirectly, or
14   authorizing or assisting any third party to engage in, any of the following activities
15   in the United States and throughout the world:

16   a.    copying, manufacturing, importing, exporting, marketing,
17   selling, offering for sale, distributing or dealing in any product or service that uses,
18   or otherwise making any use of, any Plaintiffs SENNHEISER® trademarks, and/or
19   any intellectual property that is confusingly or substantially similar to, or that
20   constitutes a colorable imitation of, any of Plaintiffs' SENNHEISER®
21   trademarks, whether such use is as, on, in or in connection with any trademark,
22   service mark, trade name, logo, design, Internet use, website, domain name,
23   metatags, advertising, promotions, solicitations, commercial exploitation,
24   television, web-based or any other program, or any product or service, or
25   otherwise;

26   b.    performing or allowing others employed by or representing him,
27   or under his control, to perform any act or thing which is likely to injure ~~Plaintiffs,~~ *by infringement or dilution*
28

1   any of Plaintiffs' SENNHEISER® trademarks, ~~and/or~~ *& thereby* Plaintiffs' business   K

2   reputation or goodwill;

3          c.   engaging in any acts of federal and/or state trademark

4   infringement, false designation of origin, unfair competition, dilution, or other *such* act   K

5   which would tend damage or injure Plaintiffs; and/or

6          d.   using any Internet domain name or website that includes any

7   Plaintiffs' trademarks, including the SENNHEISER® marks. *& in no event more than 30 days hereby*

8       3.   Defendant is ordered to deliver immediately, )for destruction all

9   unauthorized products, including counterfeit SENNHEISER® products and related

10   products, labels, signs, prints, packages, wrappers, receptacles and advertisements

11   relating thereto in his possession or under his control bearing any of Plaintiffs'

12   intellectual property or any simulation, reproduction, counterfeit, copy or colorable

13   imitations thereof, and all plates, molds, heat transfers, screens, matrices and other

14   means of making the same, to the extent that any of these items are in Defendant's

15   possession.

16       4.   The Court ~~finds there is no just reason for delay in entering this~~

17   ~~Permanent Injunction and, pursuant to Rule 54(a) of the *Federal Rules of Civil*~~   K

18   ~~*Procedure*, the Court~~ directs immediate entry of this Permanent Injunction against

19   Defendant.

20       5.   Having SETTING ASIDE the default against Defendant and having

21   entered the above permanent injunction against Defendant, the Court hereby   K

22   DISMISSES, without prejudice, Plaintiffs' claims against Defendant, ~~pursuant to~~

23   ~~Rule 41(a)(1)(A)(ii) of the *Federal Rules of Civil Procedure*.~~

24   ///

25   ///

26   ///

27   ///

28

1    6.   **<u>NO FEES AND COSTS</u>**.  Each party shall bear its own attorneys'
2    fees and costs incurred in this matter.
3         IT IS SO ORDERED, ADJUDICATED and DECREED this 30 day of
4    April, 2012.
5
6
7                                         HON. GEORGE H. KING
                                          United States District Judge for the Central
8                                         District of California
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28